# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3525 | **DATE** | 9/28/2010 |
| **CASE TITLE** | Corona vs. Nationwide Mutual Insurance Co. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to remand [22] is denied. Status hearing set for 11/30/2010 at 8:30 a.m.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Julio Corona, an Illinois citizen, filed suit against Nationwide Mutual Insurance Co. ("Nationwide"), an Ohio corporation, in the Circuit Court of Cook County, Illinois. Nationwide timely removed the action to federal court, basing removal on this court's diversity jurisdiction. Corona filed a motion to remand, arguing that the amount in controversy requirement is not met.

Corona's complaint stems from an accident on November 18, 2009 in which a Nationwide insured hit Corona's work vehicle and Corona was taken to the hospital. He alleges he has subsequently "incurred substantial damages due to a spinal injury, lost wages and the cost of his continuing medical treatment." Compl. ¶ 7. He "remains under the care of an orthopedic surgeon, continues to be unable to return to work without restrictions, and has sustained a permanent injury as a result of this accident." *Id.* ¶ 8. Nationwide investigated the accident and determined that its insured was liable to Corona for his injuries. *Id.* ¶ 17. On December 10, 2009, a Nationwide employee appeared at Corona's workplace and offered to pay Corona $2,600 and three months medical expenses (not to exceed $20,000) in exchange for releasing Nationwide and its insured from any and all claims stemming from the accident. *Id.* ¶¶ 18, 24; Ex. C to Compl. Corona signed the agreement, although he claims to have been misled about its nature and effect. *See* Compl. ¶¶ 20–38. Had he not signed the document, he claims "he would have been able to recover from Nationwide the total amount due to him for his injuries, including his medical bills, past and present pain and suffering, past and present disability, and lost wages." *Id.* ¶ 39. Instead, he received an amount "grossly disproportionate to the amount he should have received had he not signed the document." *Id.* ¶ 40. Corona seeks to rescind the release based on fraud in the inducement and unconscionability. Rescission would then allow him to pursue his claims against Nationwide's insured.

Federal district courts have original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). In the removal context, the amount in controversy is considered as of the date of removal. *BEM I, L.L.C.* v. *Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002). In a declaratory judgment action, the amount in controversy is measured by

| STATEMENT |
|---|

the value of the "object of the litigation." *Hunt* v. *Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977). Under the Seventh Circuit's "either viewpoint rule," the value of the object of the litigation may be calculated from the viewpoint of either party, "what the plaintiff stands to gain, or what it would cost the defendant to meet the plaintiff's demand." *Macken ex rel. Macken* v. *Jensen*, 333 F.3d 797, 799–800. If the amount in controversy is contested, the party invoking federal jurisdiction must demonstrate by a preponderance of the evidence that the amount is at least $75,000. *Meridian Sec. Ins. Co.* v. *Sadowski*, 441 F.3d 536, 540, 543 (7th Cir. 2006). "Uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Id.* at 543. Accordingly, "'[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Id.* (quoting *St. Paul Mercury Indem. Co.* v. *Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).

  Although Corona seeks only to rescind the release, the value of rescission would be his recovery in a suit against Nationwide's insured on the underlying accident. Thus, whether federal jurisdiction exists depends on whether this amount could exceed $75,000. In his complaint, Corona alleges that he lost the ability to "recover from Nationwide the total amount due to him for his injuries, including his medical bills, past and present pain and suffering, past and present disability, and lost wages." Compl. ¶ 39. Nationwide posits that this amount clearly exceeds $75,000, as Corona has alleged that the resultant spinal cord injury has caused him to incur substantial damages and that the amount he received by signing the document (at a maximum, $22,600) is grossly disproportionate to what he otherwise would have recovered. In his motion to remand, however, Corona argues that he only lost the right to recover damages not covered by his employer's workers' compensation insurance carrier, namely pain and suffering and disability. Mot. to Remand at 2. As his injury is only a "back strain with approximately $14,058.87 in medical specials," he claims that the likelihood of recovering more than $75,000 for pain and suffering and disability is very low. *Id.* at 6.

  Corona's attempt to escape the allegations of his complaint by modifying his injury to sound less severe and claiming that he could only recover for pain and suffering and disability fails. A plaintiff cannot force a remand in this manner; "what matters is the amount put in controversy on the day of removal." *Oshana* v. *Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). Given the circumstances of the accident and resultant injury detailed in the complaint and the "grossly disproportionate" amount Corona claims to have received in relation to what he should have received, the value of rescission appears to exceed $75,000. *See Kancewick* v. *Howard*, No. 08 C 229, 2008 WL 4542970, at *3 (N.D. Ill. Apr. 3, 2008) (concluding that the amount in controversy requirement was met based on the circumstances of the accident and the "severe and permanent" injuries plaintiff suffered, despite the prayer for judgment "not to exceed $50,000.00"). Corona's post-removal refusal to admit that he would not seek damages over $75,000 in a future suit against Nationwide's insured further supports this conclusion. *See Oshana*, 472 F.3d at 512 ("[I]f the plaintiff does not stipulate to damages of $75,000 or less, 'the inference arises that he thinks his claim may be worth more.'" (quoting *Workman* v. *United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000))).[1] Thus, because the value of rescission appears to be over $75,000, the court will deny Corona's motion to remand.

---

1. A post-removal stipulation that Corona did not value his claim at over $75,000 would not automatically warrant remand, however. For such a stipulation to have effect, it must be made prior to removal. *See Chase* v. *Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429–30 (7th Cir. 1997); *Shaw* v. *Dow Brands, Inc.*, 994 F.2d 364, 366–67 (7th Cir. 1993).